UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

In the Matter of the Application of )
ABBOTT LABORATORIES, an Illinois Corporation, )
)
                    Applicant, )
)   No.    12-cv-360
)
For An Order Pursuant to 28 U.S.C.§ 1782 to Take )
Discovery by Subpoena under Federal Rules of )
Civil Procedure 45 Of Respondent Dr. Scott Rankin )
for Use in Foreign Proceedings )

## PROTECTIVE ORDER

WHEREAS this Application involves the discovery of information that may be, or may be claimed to be, confidential and proprietary scientific research or analysis, and therefore good cause exists for entry of a protective order regarding confidentiality of true trade secret or nonpublic technical, financial, personal, or business information that might be produced or provided in the discovery response to this application;

WHEREAS the applicant, ABBOTT LABORATORIES ("ABBOTT") recognizes that in response to its requests for discovery under 28 U.S.C. § 1782, Respondent, Scott A. Rankin, Ph.D. ("Dr. Rankin"), may be required to disclosure information claimed to be confidential or sensitive business or scientific information;

WHEREAS the information sought in this application is required to aid Abbott in civil proceedings currently pending in Hong Kong (the "Hong Kong Action") and to enable Abbott to address false and misleading information disseminated by the Defendants in the Hong Kong Action.

NOW, THEREFORE, it is hereby ordered as follows:

1. Designation of Confidential information must be made by stamping, placing, or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." Dr. Rankin may designate material as "CONFIDENTIAL" only when in good faith he believes it contains trade secret or nonpublic technical, commercial, financial, personal or business information. In the event that documents are produced for inspection at the party's (or its counsel's) facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked Confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked Confidential pursuant to this procedure.

2. Information and documents designated as Confidential under this Protective Order may be used to aid Abbott in preparing for and conducting these proceedings, the Hong Kong Action, any appeals from either these proceedings or the Hong Kong Action, and to enable Abbott to address false and misleading information disseminated by the Defendants in the Hong Kong Action (collectively, "Permitted Purposes"). This Court shall determine whether any document or other information is, in fact, entitled to be so designated if the designation is challenged.

3. Information or documents designated as Confidential under this Protective Order may be disclosed only for Permitted Purposes and only to the following people:

(a) The parties to these proceeding and to the Hong Kong Action and their counsel, as well as to legal assistants, clerical assistants, and support staff for such counsel;

(b) Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Protective Order.

(c) Consultants, investigators, or experts (collectively "experts") who are engaged to assist in the preparation and trial of the Hong Kong Action. Before disclosure is made to any expert, he or she shall sign a written Confidentiality Statement indicating that (a) he or she has read and understands this Protective Order; and (b) that he or she shall be bound by the terms of this Protective Order.

(d) Deponents and their counsel during depositions.

(e) Courts conducting proceedings in the Hong Kong Action, provided that the party making the disclosure shall give Dr. Rankin notice at least 5 business days in advance of such disclosure. If, within 5 business days after such notice is received, Dr. Rankin does not file a motion with this Court objecting to the disclosure and showing good cause as to why the information should be withheld, then such disclosure shall be made without further order of this Court. If this Court determines that there is good cause for keeping the documents or other information sought to be disclosed confidential in the Hong Kong Action, then the party seeking to make the disclosure in the Hong Kong Action may not do so unless it obtains specific authorization, in advance, from this Court to do so.

(f) This Court, its clerks and staff by filing the information or document designated as Confidential under seal.

(g) Independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Prior to disclosure to any such services, such services must agree to be bound by the terms of this Protective Order requiring that the documents and information be held in confidence.

4. Except as provided in paragraph 3, counsel for the parties (in the Hong Kong Action and this litigation) must keep all documents designated as Confidential which are received under this Protective Order secure within their exclusive possession.

5. All copies, duplicates, extracts, summaries, or descriptions ("copies") of documents or information designated as Confidential under this Protective Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

6. Compliance with the terms of this Protective Order shall not be deemed an admission that any documents are admissible in evidence and shall not constitute a waiver of objections concerning further use of the documents. Entering into, agreeing to, or complying with the terms of this Protective order shall not operate as an admission that any document designated as "Confidential" contains or reflects proprietary or other confidential matter, or prejudices in any way the right to seek a determination by the Court whether any particular document or material should be deemed to be "Confidential."

7. If another court or administrative agency subpoenas or orders production of any discovery materials obtained under the terms of this Protective Order, the ordered party shall promptly provide notice of the pendency of such subpoenas or order and shall allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with

any subpoena or order shall not be deemed a violation of this Protective Order absent the entry, in advance of the response date for the subpoena or order, of a supplemental protective order barring disclosure of the information, and communications of such order to counsel for the person or entity under subpoena or order.

8. A designation of Confidential may be challenged upon motion, and the party claiming the designation bears the burden of showing that the designation is appropriate. A party moving to modify this Protective order to provide for greater restrictions on disclosure must show that such a modification is necessary to protect the movant's interests.

9. Nothing in this Protective Order shall limit a party's ability to use, for any purpose, any document produced and designated as Confidential hereunder that the party obtains independently outside these proceedings.

10. This Court shall retain jurisdiction of this matter for the purpose of enforcing, modifying, altering, and or amending the scope of this Protective Order.

Dated this 23rd day of MAY 2012.

SO ORDERED AND ENTERED:

BY THE COURT:

_____
STEPHEN L. CROCKER
MAGISTRATE JUDGE